UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ANSUL LURIO,

                Plaintiff,                              Case No. 16 CV 8156

          -against-

                                               **COMPLAINT**

WANTED PIZZA, INC., MOBILE GURU 2, INC.
and FULTON CHAMBERS RETAIL LLC,

                Defendants.
_____

       Plaintiff, ANSUL LURIO, (hereinafter the "Plaintiff"), by and through his counsel, Donald J. Weiss, Esq., hereby files this Complaint and sues WANTED PIZZA, INC. (the "Pizza Place"), MOBILE GURU 2, INC. (the "Verizon Store"), both domestic corporations, and FULTON CHAMBERS RETAIL LLC (the "Landlord"), a domestic limited liability company (the Pizza Place, the Verizon Store and the Owner being hereinafter collectively designated "Defendants"), for a) injunctive relief, b) compensatory relief, and c) attorney fees and costs pursuant to 42 U.S.C. 12181, et. Seq., of the Americans with Disabilities Act ("ADA"), the New York Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL") and alleges:

<u>**JURISDICTION AND PARTIES**</u>

       1.     This is an action for declaratory and injunctive relief pursuant to Title III of the ADA, 42 U.S.C. § 12181, et. Seq. This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §1343.

       2.     The premises where the events which gave rise to this lawsuit is known as 104 Fulton Street, New York, New York (the "Property"). Both the Pizza Place and the Verizon Store occupy different parts of the Property, but share the same address.

3.      Venue is proper in this Court as the Property is located in New York County.

5.      The Plaintiff has muscular dystrophy.  As a result, As a result, Plaintiff utilizes a wheelchair to ambulate.  The Plaintiff therefore qualifies as an individual with a disability, as defined by the ADA (and the New York State laws relevant to this action).

6.      The Pizza Place operates a food service business at the Property and the Verizon Store sells Verizon products to the public (the Pizza Place and the Verizon Store are hereinafter collectively designated as the "Offending Businesses").

7.      Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Offending Businesses are places of public accommodation in that they are establishments which provide goods and services to the public.

8.      Upon information and belief, the Landlord is the owner, lessor and/or operator of the Property where the Offending Businesses are located, and allows and permits the Offending Businesses to occupy the Property pursuant to written agreement.

9.      Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Property is a public accommodation covered by the ADA and must be in compliance therewith.

10.     The remedies provided by the NYSHRL and the NYCHRL against discrimination are not exclusive and State and City administrative remedies need not be exhausted in connection with suits brought under the ADA.

## FACTS

12.     Plaintiff is an energetic and active man who works at two jobs.

13.     The Offending Businesses are located near one of Plaintiff's places of employment and he would like to eat lunch at the Pizza Place and pay his phone bills at the Verizon Store, however, the architectural barriers in place prevent Plaintiff from doing so (pictures showing the entrance barriers are annexed as Exhibit A).

14.     Defendants' violations impede upon Plaintiff's right to travel free of discrimination.

15.     Plaintiff will go to the Pizza Place for lunch and to the Verizon Store to pay his bills once the barriers to his entry and enjoyment of the facilities have been removed.

16.     Records of the NYC Department of Buildings reveal that the Property has undergone substantial alterations since the advent of the ADA, the precise scope and nature being presently unknown.

17.     Prior to commencement of this action, an investigation of the Property was conducted, which revealed the following, including the statutory violations[1] described (all of which were observed by, or discussed with, Plaintiff prior to the filing of the Complaint):

The Property is located on Fulton Street between William and Dutch Streets.  There is a two inch rise at each of the doors of the Offending Businesses which prevent the Plaintiff from entering those establishments in his wheelchair.

**Offending Businesses Entrance Violations:**

a)  The steps at the doors create a rise within the maneuvering clearance of the entrances that Plaintiff cannot navigate in his wheelchair.  There is no accessible route for the Plaintiff to move from the sidewalk into the Offending Businesses (201.1, 206.2.1, 206.4, 402).

b)  Navigation of a wheel chair requires that any rise over ½" on an accessible route be ramped.  Defendants' failure to ramp the rise over ½ inch at the entrance, prevents an accessible route (206.4, 303.4, 402.1, 402.2, 403.4, 404, 405).

c)  There is no accessible means of egress (207).

**The Pizza Place**

---

[1] All of the statutes cited hereunder refer to the 2010 ADA Standards for Accessible Design.

There is bar height counter with fixed stools.  There are no ADA Compliant tables that are at a usable height and allow the Plaintiff to pull up under a table and have allowance for his legs and feet.  There is a small self-serve area on the right that blocks the food pick-up area.

**Pizza Place Interior Violations:**

d)  There are no accessible seating/tables that would allow enough space for the Plaintiff to comfortably sit in his wheelchair, beneath a table (226.1, 226.2, 306, 306.1, 306.2, 306.3, 902).

e)  There is not enough clearance for Plaintiff to turn around in the pick-up area.  The turning radius should be 60 inches.  Patrons using the self service area would obstruct Plaintiff's ability to approach the sales counter  (304, 304.3.1).

## COUNT I - VIOLATIONS OF THE ADA

18.     The ADA prohibits discrimination on the basis of disability. The Act guarantees reasonable accommodations for individuals with disabilities to ensure they are not the subject of discrimination.

19.     The ADA and the 2010 Standards for Accessible Design dictate that property owners and operators of commercial premises being used as "commercial establishments" are responsible for complying with these Federal Accessibility Standards.

20.     The Plaintiff is informed and believes that the Property has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1990.

21.     Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others that are similarly situated, by denying full and equal access to and full and equal enjoyment of goods, services, facilities, privileges, advantages, and/or accommodations at the Property, in violation of the ADA.

4

22.     The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the Offending Businesses.

23.     Plaintiff last visited the Offending Businesses on with the intention of utilizing Defendants' facilities, but was denied access to the Offending Businesses, and therefore suffered an injury fact.

24.     Plaintiff continues to work in the neighborhood where the Property is located and will continue to visit the Property in the future, but continues to be injured and discriminated against due to the architectural barriers which remain at the Property, all in violation of the ADA.

25.     To date, the barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

26.     The Defendants continue to deny Plaintiff, who wishes to enjoy the Offending Businesses' services, opportunities which are equal to that afforded to others, by discriminating on the basis of a disability. 42 U.S.C. §§ 12182(b)(l)(A)(ii) and 12182(b)(l)(D)(i); 28 C.F.R. §§ 36.202(b) and 36.204.

27.     Defendants could have removed some of the illegal barriers at the Offending Businesses by  i) ramping the steps at the entrances; ii) purchasing an ADA complaint table for the Pizza Place; and iii) making the food pick-up area of the Pizza Place ADA compliant.

28.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief;  including an order to alter the Premises to make them readily accessible to, and useable by, individuals with disabilities to the extent required by ADA, and closing the Offending Businesses until the requisite modifications are completed.

## COUNT II – VIOLATIONS OF THE NYCHRL

29.    Plaintiff repeats, reiterates, and re-alleges each and every allegation hereinabove set forth with the same force and effect as if hereinafter set forth at length.

30.    The NYCHRL Law provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived…disability…of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof…to the effect that any of the accommodations, advantages, facilities and or denied to any person on account of…disability…

NYC Admin. Code §8-107(4)(a).

31.    Defendants are in violation of the NYCHRL by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Property.

## COUNT III – VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

32.    Plaintiff repeats, reiterates, and re-alleges each and every allegation hereinabove set forth with the same force and effect as if hereinafter set forth at length.

33.    The NYSHRL provides:

> It shall be unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation…because of the…disability…of any person, directly, or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities, or privileges thereof…to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of…disability…

NYS Exec. Law §296 (2)(a).

34.    The Property is a place of public accommodation as defined in the NYSHRL.

35.    The Defendants have further violated the NYSHRL by being in violation of the rights provided under the ADA.

6

36.     Defendants are in violation of the NYSHRL by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Property.

## DAMAGES

37.     The Plaintiff demands One Thousand Dollars ($1,000.00) in compensatory damages based on the Defendant's violation of the NYSHRL and the NYCHRL, in accordance with NY Executive Law §297(9) and §8-502 of the NYC Administrative Code.

## INJUNCTIVE RELIEF

38.     Pursuant to 42 U.S.C. §1288, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the Property to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the NYSHRL and the NYCHRL, and closing the Property until the requisite modifications are completed.

## ATTORNEY'S FEES AND COSTS

39.     The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have her reasonable attorneys' fees costs and expenses paid by the Defendants, pursuant to the ADA and the NYCHRL.

40.     Plaintiff prays for judgment pursuant to N.Y. Exec. Law §297, including compensatory damages contemplated by §297(9).

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants joint and severally and requests the following injunctive and declaratory relief:

a.   The Court declares the Property owned, operated, leased, controlled, and/or administered by the Defendants are in violation of the ADA, the New York City Human Rights Law, and of the New York State Human Rights Law;

b.   The Court enter an Order requiring the Defendants to alter their facilities and

amenities to make them accessible to and usable by individuals with disabilities to the full

extent required by Title III of the ADA and by NYCHRL, and the NYSHRL;

    c.   The Court enter an order directing the Defendants to evaluate and neutralize their

policies, practices and procedures toward persons with disabilities, for such reasonable time

to as to allow the Defendants to undertake and complete corrective procedures to the

Property;

    d.   The Court award Plaintiff such damages as are provided for under New York

State Law;

    e.   The Court award reasonable attorney fees, all costs (including but not limited to

court costs, expert fees, etc.) and other expenses of suit to the Plaintiff; and

    f.   The Court award such other and further relief as this Court deems necessary,

just and proper.

Dated: October 18, 2016

*Donald J. Weiss*
_____
Donald J. Weiss, Esq. (7619)
Attorney for Plaintiff
1 Penn Plaza, Suite 4701
New York, NY 10119
(212) 967-4440

EXHIBIT A



