UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANSUL LURIO,

           Plaintiff,

   -against-

WANTED PIZZA, INC., MOBILE GURU 2, INC.
and FULTON CHAMBERS RETAIL LLC,

           Defendants.

---

Case No. 16 CV 8156

CONSENT STIPULATION

**WHEREAS,** Plaintiff ANSUL LURIO ("Plaintiff") filed a complaint in the above-captioned action against defendants WANTED PIZZA, INC., MOBILE GURU 2, INC. (collectively, "Tenants") and FULTON CHAMBERS RETAIL LLC ("Landlord") alleging *inter alia*, certain purported violations of the Americans with Disabilities Act, 42 U.S.C 12181, and related claims arising under New York State Executive Law, the New York City Human Rights Law, and the New York Civil Rights Law, and seeking certain forms of relief thereunder (the "Action"); and

**WHEREAS,** the claims alleged herein by Plaintiff arise in connection with the premises known as 104 Fulton Street (the "Property"); and

**WHEREAS,** Tenants occupy different parts of the Property, but share the same address; and

**WHEREAS,** the Landlord has denied all allegations that it has violated any laws, statutes, rules, regulations or ordinances; and

**WHEREAS,** the Plaintiff and the Landlord desire to settle the Action, without an admission of liability, on the terms and conditions set forth herein; it is therefore

**STIPULATED, CONSENTED AND AGREED**, that the Action shall be settled as follows:

1. <u>Remedial Measures.</u>

Landlord hereby agree to undertake the following remedial actions at the Property:

a) Install permanent ramps at the entrances to the spaces occupied by the Tenants which would allow Plaintiff and other patrons to using a wheelchair to enter space occupied by the Tenants at the Property with the slope of such ramps not in excess of 1:8. The installation of said ramps shall be completed within three months of the date of the filing of this Stipulation with the Southern District Court (the "Start Date"). The time period for the installation of said ramps shall be subject to events beyond the control of the Landlord, such as delay in obtaining approved building or zoning permits (application for which shall be filed no later than 30 days from the Start Date), failure of city/county or other government inspectors to make inspections, contractor defaults, work stoppages or slowdowns due to labor-related disputes or severe weather conditions (*e.g.*, snow storms and hurricanes), acts of God, *force majeure*, acts of war or terrorism, and the like. In the event of such unforeseen circumstances, it is agreed that upon a showing of diligent efforts to comply with the terms of this Stipulation, the Landlord may request from Plaintiff's counsel an extension of time to complete the said installation, which consent shall not be unreasonably withheld. Within 30 days of installation of the ramps, the attorney for the Landlord shall notify Plaintiff's counsel and shall furnish photographs of the completed ramps.

2. <u>Settlement Amount.</u>

The Plaintiff and the Landlord agree that monetary compensation shall be paid by the Landlord in resolution of all claims asserted in this action, pursuant to a separate and confidential

letter dated as of the date of this Stipulation and signed by counsel for the Landlord and Plaintiff as authorized representatives of their respective clients (such compensation being known as the "Settlement Payment").

3. Release.

In consideration of the Landlord's obligations under this Stipulation, the Plaintiff on behalf of himself, his heirs, executors, beneficiaries, trustees, administrators, representatives, successors and assigns ("Releasor") hereby remises, releases, acquits, satisfies, and discharges all defendants, their parents, subsidiaries and affiliates, and their current and/or former officers, directors, members, shareholders, employees, attorneys, trustees, administrators, representatives, successors and assigns ("Releasees") from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, equity, or admiralty, which the Releasor ever had, now has or hereafter can, shall or may have against the Releasees from the beginning of the world up to the date of this Stipulation with respect to all claims made, or which could have been made, in the Action.

4. Withdrawal of Action.

Upon execution of this Stipulation, Plaintiff's counsel shall file a stipulation of dismissal in the form attached hereto.

5. No Admission of Liability.

Nothing in this Stipulation shall constitute or be deemed to constitute an admission of fault, wrongdoing or liability on the part of the Landlord. the Landlord acknowledges, without conceding, any infirmity in its defenses, that it is entering into this Stipulation solely in order to

3

settle this dispute and to avoid the further expense and inconvenience of litigation. Plaintiff acknowledges that nothing herein is to be construed as an admission of liability or culpability by the Landlord, and acknowledges further that the remedial steps to be taken herein constitute a satisfactory resolution of the access claims alleged herein.

6. Fees and Expenses.

Each of the parties shall bear their own attorneys' fees and costs incurred in connection with or related to the Action not otherwise encompassed by the terms of this Stipulation provided, however, that in the event of breach of this Stipulation, the non-breaching party shall be entitled to collect any fees or expenses incurred, including reasonable attorneys' fees, by reason of any efforts required to enforce this Stipulation, or the separate letter agreement relating to the Settlement Payment.

7. Authority.

Each signatory hereto represents and warrants that he/she has full authority to enter into this Stipulation on behalf of that party. All references to the Landlord shall be deemed to include its successors and assigns.

8. Governing Law and Jurisdiction.

This Stipulation shall be deemed to be made and entered into in the State of New York, and shall in all respects be interpreted, enforced and governed under the laws of New York. The parties agree that venue for any litigation brought to enforce this Stipulation shall lie in the United States District Court for the Southern District of New York, or, if that Court refuses to accept jurisdiction, in any court of competent jurisdiction in New York, New York.

4

9. Interpretation.

The language of all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties. This Stipulation has been negotiated by and between the parties' respective counsel, and shall not be construed against the "drafter" of the Stipulation.

10. Modification of Stipulation.

This Stipulation may be amended, revoked, changed, or modified only upon a written agreement executed by the parties hereto. No waiver of any provision of this Stipulation will be valid unless it is in writing and signed by the party against whom such waiver is charged.

11. Entire Agreement.

This Stipulation sets forth the entire agreement between the parties hereto, and fully supersedes any and all prior agreements or understandings between the parties hereto pertaining to the subject matter hereof.

12. Signatures in Counterparts.

This Stipulation can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if the parties had the same signature page. A facsimile copy, or Adobe PDF, of any party's signature shall be deemed as legally binding as an original signature.

13. Headings.

The headings of the Sections in this Stipulation have been inserted for convenience or reference only, are not intended to be considered as a part hereof, and shall not modify or restrict any of the terms or provisions hereof.

IN WITNESS WHEREOF, the Plaintiff and the Landlord have hereunder set their hands as of the date set forth below.

Dated: New York, New York
JUNE 23, 2016

_____
ANSUL LURIO

FULTON CHAMBERS RETAIL LLC

_____
By: (Name)   Rafaela Levy
Title:        Member

So Ordered:

_____
USDCJ

6